E-FILED
Tuesday, 08 November, 2005  09:39:26 AM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | | |
|---|---|---|
| WILLIAM B. MOYER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  05-3039 |
| | ) | |
| GLEN F. HULTZ, J.L. ABBOTT, | ) | |
| PAT STAPLES, THOMAS J. | ) | |
| BROWNFIELD, CHET VAHLE, | ) | |
| MARK DRUMMOND, BRIAN | ) | |
| ANDERSON, JENNIFER CIFALDI, | ) | |
| D. GOUHL, UNKNOWN BALIFF, | ) | |
| and BARNEY S. BIER, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter is before the Court on a Motion to Dismiss (d/e 22) by

Defendants Jennifer Cifaldi, Donna Goehl, Barney S. Bier, Judy Abbott, and

Glen Hultz and a Motion to Dismiss (d/e 27) by Defendants Brian

Anderson, Thomas Brownfield, Mark Drummond, Patrick Staples, and Chet

Vahle.[1]  For the reasons set forth below, the Motions are allowed.

---

[1]The Court notes that, while the Amended Complaint refers to Bailiff D. Gouhl and D. Goul, the correct spelling of the name is Goehl.  Because Defendant Goehl's identity is not at issue, the Court will use the correct spelling for consistency.

Plaintiff Moyer has filed a <u>pro se</u> six-count Amended Complaint (d/e 6), alleging violations of 42 U.S.C. § 1983 and "R.I.C.O." (presumably the Racketeer Influenced and Corrupt Organizations Act).  According to the Amended Complaint, Moyer was cited by Illinois State Police Trooper Brian Anderson on October 15, 2003, for failing to wear a seat belt as required under Illinois law.  Moyer pled not guilty to the offense, and the matter proceeded to jury trial in Circuit Court in Adams County, Illinois, on February 9, 2004.  The Amended Complaint alleges that just before the trial, Adams County Assistant State's Attorney Jennifer Cifaldi announced that there was an active warrant for Moyer's arrest from Pike County, Illinois, and that Moyer could not leave the building at the end of the trial. Moyer alleges he was placed under arrest by two bailiffs, but he does not state when this occurred.  The allegations of the Amended Complaint state that  a jury trial did indeed take place on February 9, 2004, before Adams County Judge Chet Vahle, in which Moyer represented himself.

According to the Amended Complaint, immediately before the trial began Cifaldi informed Moyer that she was "changing the charge from seat belt not worn to seat belt not properly adjusted and fastened."  <u>Amended Complaint</u>, p. 5.  Moyer alleges that he objected and asked to call Cifaldi as

a witness.  According to the Amended Complaint, Judge Vahle ruled that Moyer could not do so.  Moyer asserts that prior to trial, Judge Vahle told Moyer that he would be held in contempt of court if he brought up certain matters before the jury.  According to Moyer, during the trial, whenever Moyer tried to broach one of these topics, Judge Vahle said, "you know what will happen."  Id.  The Amended Complaint does not state the outcome of the trial.  Moyer has attached a Notice of Appeal in the Adams County case as an exhibit to the Amended Complaint.  Amended Complaint, Ex. 7.  This Notice of Appeal indicates that Moyer was convicted on February 9, 2004, and was ordered to pay a $69.00 fine and $25.00 in court costs.  The Notice of Appeal was file stamped March 8, 2004, by the Circuit Clerk of Adams County.  The Amended Complaint does not reveal the status of the appeal.

Moyer filed his Amended Complaint in the present case on March 28, 2005.  The Amended Complaint names as defendants Glen Hultz, Clerk of the Circuit Court of the 8th Judicial Circuit of Illinois, Adams County, Assistant Adam's County State's Attorney J. L. Abbott, Captain Patrick Staples of the Illinois State Police, Chief Judge of Adams County Thomas Brownfield, Adams County Judges Chet Vahle and Mark Drummond,

Trooper Brian Anderson of the Illinois State Police, Adams County Assistant State's Attorney Jennifer Cifaldi, Adams County Bailiff Donna Goehl, and an additional unknown bailiff.   Moyer asks this Court to overturn his state arrest and conviction and also seeks punitive damages in various amounts.

Defendants move to dismiss based on various theories.  As an initial matter, the Court recognizes that, as a general rule, federal courts other than the Supreme Court have no subject matter jurisdiction to review state court judgments.  See District of Columbia Ct. of App. v. Feldman, 460 U.S. 462, 482, (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923). Federal courts do have authority to review collaterally state court judgments in criminal cases, but only through the habeas corpus process, which is not at issue here.  See 28 U.S.C. § 2254; Preiser v. Rodriguez, 411 U.S. 475, 488-90 (1973).  Therefore, to the extent Moyer is challenging the state court judgment itself, this Court lacks jurisdiction.

Moreover, to the extent Moyer is raising § 1983 claims that would necessarily demonstrate that his seat belt conviction is invalid, his claims are barred by Heck v. Humphrey.  See Heck, 512 U.S. 477(1994).  Under Heck, in order to pursue civil damages for wrongs that would necessarily

demonstrate the invalidity of his conviction, Moyer "must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Id. at 486-87.  The record contains no indication that Moyer's seat belt conviction has been invalidated in any of these ways.

Moyer's pro se Amended Complaint, however, raises claims distinct from his seat belt violation conviction and outside the scope of Rooker-Feldman, and the Court, thus, turns to Defendants' argument for dismissal pursuant to Fed. R. Civ. P. 12(b)(6).  With respect to Defendants Hultz, Abbott, Staples, Brownfield, and Bier, the Court notes that while these Defendants are named in the caption, there is no further mention of them in the Amended Complaint.  Merely including these Defendants in the caption of the Complaint is not sufficient to state a claim against them.  See Collins v. Kibort, 143 F.3d 331, 334 (7th Cir. 1998).  Under Fed. R. Civ. P. 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  A plaintiff need not plead particular legal theories or particular facts in order to state a claim.  The

Supreme Court has recognized that all that is required is "a short and plain statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." <u>Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit</u>, 507 U.S. 163, 168 (1993) (internal quotations and citations omitted). In the present case, Moyer fails to meet even this low threshold with respect to Defendants Hultz, Abbott, Staples, Brownfield, and Bier. The claims against these five Defendants are, therefore, dismissed.

Moyer's RICO claims are similarly unavailing. In the Amended Complaint, Moyer purports to raise civil claims under RICO, but he does not specify under which subsection of 18 U.S.C. § 1962 he is proceeding. <u>See</u> <u>Amended Complaint</u>, p. 1. Although there are significant substantive differences in the subsections of § 1962, "the existence of an 'enterprise' and a 'pattern of racketeering' are elements that are fundamental to each of the RICO subsections." <u>Starfish Inv. Corp. v. Hansen</u>, 370 F.Supp.2d 759, 769 (N.D.Ill. 2005). The Amended Complaint is devoid of allegations that could support a finding of either of these two essential elements. Thus, the allegations of the Amended Complaint are insufficient to state a claim under any subsection of § 1962, and Moyer's RICO claims are dismissed.

Moving on to Moyer's § 1983 claims, the Court turns first to Defendants Vahle and Drummond.  The Court finds that any claims against these two Defendants are barred by absolute judicial immunity.  Judicial immunity shields judges from liability for acts performed in their judicial capacity.  <u>Dawson v. Newman</u>, 419 F.3d 656, 661 (7th Cir. 2005).  The only allegations in the Amended Complaint that involve Judges Vahle and Drummond deal with acts they performed in a judicial capacity.  Moyer's claims against Judges Vahle and Drummond are, therefore, dismissed.

With respect to Defendant Anderson, the Amended Complaint alleges that Trooper Anderson stopped Moyer on October 15, 2003, for failure to wear a seat belt.  Moyer alleges that, upon being stopped for the traffic violation, he asked Anderson for his "constitutional rights.  The 4th, 5th, and 6th Amendment," and that, in response, Anderson told Moyer that he would go to jail if he did not cooperate.  <u>Amended Complaint</u>, p. 5, Count 1.  The only other allegation relating to Anderson is that Anderson appeared as the State's sole witness at Moyer's trial.

Anderson asserts that he is entitled to qualified immunity.  The Court, however, does not reach the question of qualified immunity because the Amended Complaint fails to allege that Anderson violated Moyer's

constitutional rights.  In analyzing a qualified immunity claim, the Court must consider the threshold question: "Taken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?" Saucier v. Katz, 533 U.S. 194, 201 (2001). The facts alleged in Moyer's Amended Complaint are insufficient to show a constitutional violation by Defendant Anderson.  "If no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity." Id. Moyer's claims against Anderson are dismissed for failure to state a claim.

The allegations of the Amended Complaint relating to Defendant Cifaldi are two-fold.  In Count 5, Moyer alleges that Cifaldi amended the charge against him immediately prior to trial.  In Count 6, Moyer alleges that Cifaldi told him that there was a warrant for his arrest from Pike County and that he could not leave the building at the end of trial.  Moyer further alleges that he asked Cifaldi what the warrant was about, and she said she did not know who issued it, or what it was about.

Cifaldi asserts that she is entitled to absolute prosecutorial immunity on all of Moyer's claims.  It is well-established that prosecutors are absolutely immune from a § 1983 suit for damages for initiating a

8

prosecution and in presenting the State's case.  Imbler v. Pachtman, 424 U.S. 409, 431 (1976).  The allegations against Cifaldi in Count 5 fall within the scope of Imbler.  Thus, Cifaldi is entitled to absolute immunity from the Count 5 claims.

Turning to the allegations of Count 6, the Court notes that arrests are normally police, not prosecutorial, functions.  Under a broad reading of Count 6, Cifaldi directed two bailiffs to arrest Moyer on the Pike County warrant.  The Second Circuit examined a similar situation in Day v. Morgenthau.  Day, 909 F.2d 75 (1990).  The plaintiff in Day alleged that a prosecutor directed a court officer to arrest him without a warrant and without probable cause.  The Second Circuit determined that the prosecutor was not entitled to absolute immunity on the arrest claim, because the actions alleged were not within the scope of initiating a prosecution or presenting the State's case.  Id. at 77-78.  Turning to the instant case, the Court is convinced that, similarly, Cifaldi is not entitled to absolute immunity for the claims alleged in Count 6.[2]

---

[2]While Cifaldi is not entitled to absolute immunity, the doctrine of qualified immunity may apply under the circumstances.  See Day, 909 F.2d at 78.  Cifaldi fails to raise this defense, however, so the Court does not address the issue.

In the alternative, Cifaldi asserts that Moyer fails to state a claim under § 1983 with respect to the claims alleged against her in Count 6.  The Court agrees.  "In order to bring a Section 1983 claim, the plaintiff must allege that a person acting under color of state law engaged in conduct that deprived him of a right, privilege or immunity secured by the Constitution." Henderson v. Bolanda, 253 F.3d 928, 932 n.3 (7th Cir. 2001) (citing 42 U.S.C. § 1983).  In the present case, there are no allegations that the Pike County warrant was deficient or that it was executed unreasonably. According to the Amended Complaint, even after Cifaldi made her announcement regarding the outstanding warrant, Moyer was allowed to participate fully in his seat belt trial.  Moyer fails to state a claim against Cifaldi in Count 6 because he fails to allege that she engaged in conduct that would constitute a Constitutional violation.  Moyer's claims against Cifaldi are dismissed.

Finally, Moyer names as Defendants Goehl and an "unknown bailiff." The Court notes that Moyer fails to identify the "unknown bailiff" in any way, and thus, the "unknown bailiff" is not a proper Defendant.  In Count 6, Moyer alleges that he was placed under arrest, pursuant to the Pike County warrant, by two bailiffs, presumably Defendant Goehl and the

unknown bailiff.  Defendant Goehl asserts that she is entitled to absolute immunity from Moyer's claims.   However, the doctrine of qualified immunity, not that of absolute immunity, applies to cases involving a law enforcement official's execution of an arrest warrant.  See Wilson v. Layne, 526 U.S. 603 (1999).  Because Goehl does not raise a qualified immunity defense, the Court does not analyze its applicability to Moyer's claims against her.

In the alternative, Goehl asserts that Moyer fails to state a claim under § 1983 with respect to the claims alleged against her.  As previously noted, a § 1983 plaintiff "must allege that a person acting under color of state law engaged in conduct that deprived him of a right, privilege or immunity secured by the Constitution."   Henderson, 253 F.3d at 932 n.3.  Read broadly, Moyer's Amended Complaint alleges that Goehl placed him under arrest based on the Pike County warrant.  There are no allegations that the Pike County warrant was deficient or that it was executed unreasonably.  Moyer fails to allege a Constitutional violation by Goehl, and his claims against her are dismissed for failure to state a claim.

THEREFORE, for the reasons set forth above, the Motion to Dismiss (d/e 22) by Defendants Jennifer Cifaldi, Donna Goehl, Barney S. Bier, Judy

Abbott, and Glen Hultz and the Motion to Dismiss (d/e 27) by Defendants

Brian Anderson, Thomas Brownfield, Mark Drummond, Patrick Staples,

and Chet Vahle are ALLOWED.  Moyer's Amended Complaint is dismissed.

All pending motions are denied as moot.  This case is closed.

IT IS THEREFORE SO ORDERED.

ENTER:   November 8, 2005.

FOR THE COURT:

s/  Jeanne E. Scott
JEANNE E. SCOTT
UNITED STATES DISTRICT JUDGE